IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY CAIN, on behalf of herself and all similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>ALMECO USA, INC., ANTHONY RANDAZZO, individually, and BONNIE NEUMEISTER, individually,<br><br>Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE CERTIFICATION SOUGHT |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Kelly Cain ("Plaintiff"), and files this lawsuit against Defendants Almeco USA, Inc., Anthony Randazzo and Bonnie Neumeister (collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Almeco USA, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant Almeco USA, Inc., a company duly incorporated under the laws of the State of Delaware, has been authorized to transact business in Georgia since June 9, 2009, and a substantial part of the events or omissions giving rise to the claims occurred at 1610 Spectrum Drive, Lawrenceville, GA 30043. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); 28 U.S.C. § 1391; and LR 3, Northern District of Georgia.

### III. <u>Parties</u>

5.

Plaintiff is an adult resident of the State of Georgia.

6.

Plaintiff performed the following clerical and administrative services for Defendants as a salaried employee during the relevant time period: data entry tasks; answering telephones; ordering and maintaining office supplies; running Dun & Bradstreet background checks; making intermittent collections calls; shipping documents and/or items both inside and outside the State of Georgia via overnight delivery services; assisting with the coding and entry of accounts payable; and assisting with the calculation of payroll hours for hourly employees.

7.

Plaintiff was an "employee" of Defendants [as defined under FLSA §3(e), 29 U.S.C. § 203(e)] within the last three (3) years.

8.

Plaintiff performed clerical and administrative duties for the Defendants and was paid for same on a salaried basis within the last three (3) years.

9.

During the relevant time period, Defendants did not require that Plaintiff manage either the company in which she was employed or a customarily recognized department or subdivision thereof.

10.

During the relevant time period, Defendants did not require that Plaintiff regularly and customarily direct the work of two or more other employees.

11.

During the relevant time period, Defendants did not require that Plaintiff hire or fire other employees.

12.

During the relevant time period, Defendants did not require that Plaintiff make suggestions or recommendations regarding the hiring, firing, advancement, promotion or any other change of status of other employees.

13.

During the relevant time period, Defendants did not require that Plaintiff perform services that entailed the exercise of discretion and independent judgment with respect to matters of significance.

14.

During the relevant time period, Plaintiff did not perform services for Defendants that met the criteria necessary for the "executive" exemption to the FLSA minimum wage and overtime requirements set forth at 29 U.S.C. § 213(a)(1) and defined at 29 C.F.R. § 541.100 et seq.

15.

During the relevant time period, Plaintiff did not perform services for Defendants that met the criteria necessary for the "administrative" exemption to the FLSA minimum wage and overtime requirements set forth at 29 U.S.C. § 213(a)(1) and defined at 29 C.F.R. § 541.200 et seq.

16.

During the relevant time period, Defendants jointly and severally classified Plaintiff as an exempt employee for FLSA purposes.

17.

During the relevant time period, Defendants ought to have classified Plaintiff as a non-exempt employee pursuant to FLSA guidelines.

18.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for Defendants and was not paid the overtime wage differential.

19.

Defendant Almeco USA, Inc., which prepares and distributes aluminum lighting, solar and décor products for the "NAFTA market" on behalf of an international company called The Almeco Group, is a private employer engaged in interstate commerce.

20.

Defendant Almeco USA, Inc.'s gross revenues exceed $500,000 per year.

21.

Defendant Almeco USA, Inc. is a foreign for-profit corporation duly authorized to transact business in Georgia, and its principal place of business lies in Lawrenceville, Georgia. At all times relevant herein, Defendant Almeco USA, Inc. was Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203(d).

22.

Defendant Anthony Randazzo is and was the owner and Chief Executive Officer of Almeco USA, Inc. during the statutory period applicable to this action.

23.

Defendant Anthony Randazzo had discretion over Plaintiff's payroll and overtime compensation.

24.

Defendant Anthony Randazzo was responsible for administering and implementing all company policies and procedures on behalf of Almeco USA, Inc., which Plaintiff's supervisor then relayed to Plaintiff and other similarly situated individuals.

25.

Defendant Anthony Randazzo maintains control, oversight and direction over the operation of Almeco USA, Inc. and is an "employer" within the definition of FLSA §3(d), 29 U.S.C. § 203(d).

26.

Defendant Anthony Randazzo is a resident of the State of New Jersey.

27.

Defendant Bonnie Neumeister is and was the Chief Financial Officer of Almeco USA, Inc. during the statutory period applicable to this action.

28.

Defendant Bonnie Neumeister was, at all times relevant herein, employed by Defendant Almeco USA, Inc. as its Chief Financial Officer.

29.

As Chief Financial Officer at Almeco USA, Inc., Defendant Bonnie Neumeister had discretion over Plaintiff's payroll and overtime compensation.

30.

Defendant Bonnie Neumeister works both directly and indirectly in the interest of Almeco USA, Inc. and was in a supervisory position over the named Plaintiff.

31.

Defendant Bonnie Neumeister is an "employer" within the definition of FLSA §3(d), 29 U.S.C. § 203(d).

32.

Defendant Bonnie Neumeister is a resident of the State of Georgia.

### IV. Collective Action Allegations

33.

Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the

similarly situated individuals are individuals who either currently are, or have been, employed by Defendants as non-managerial level, non-supervisory, clerical, administrative or human resources personnel ("administrative support personnel") at any of Almeco USA, Inc.'s onsite or offsite locations during the last three (3) years and whose primary job duties include the following: data entry tasks; answering telephones; ordering and maintaining office supplies; running Dun & Bradstreet background checks; making intermittent collections calls; shipping documents and/or items both inside and outside the State of Georgia via overnight delivery services; assisting with the coding and entry of accounts payable; and assisting with the calculation of payroll hours for hourly employees. The other similarly situated individuals shall be referred to as the "Collective Class."

34.

Defendant Almeco USA, Inc. employed Plaintiff from June 7, 2010 to June 26, 2012.

35.

Defendant Anthony Randazzo employed Plaintiff from June 7, 2010 to June 26, 2012.

36.

Defendant Bonnie Neumeister employed Plaintiff from June 7, 2010 to June 26, 2012.

37.

During the applicable statutory period, Plaintiff and the Collective Class performed all services in an administrative support personnel capacity at Defendants' onsite or offsite business location(s).

38.

During the applicable statutory period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked while performing the duties of administrative support personnel for Defendants.

39.

Defendants were aware that the Plaintiff and the Collective Class were working overtime hours, because Defendants requested and required that Plaintiff and the Collective Class work hours in excess of forty (40) in a workweek.

40.

Defendants were aware of the specific times during which Plaintiff and the Collective Class were working at the Defendants' facilities, because Defendants

physically observed, directly supervised, and/or remotely supervised Plaintiff and the Collective Class in the course of the work they performed in excess of forty (40) hours in a workweek.

41.

Defendants knew, and showed reckless disregard for the fact that, Plaintiff and the Collective Class were entitled to be compensated for those hours they worked in excess of forty (40) in a workweek.

42.

Though Defendants knew that Plaintiff and the Collective Class were regularly working hours above forty (40) in a workweek – and that they were not exempt from the overtime pay provisions set forth under the FLSA – Defendants failed to compensate the aforementioned for the overtime hours worked.

43.

During the applicable statutory period, Defendants jointly and severally failed to keep accurate records for all hours worked by Plaintiff and the Collective Class.

44.

During the applicable statutory period, Defendants were jointly and severally required to comply with all applicable provisions of the FLSA, including

overtime provisions, with respect to those services performed by Plaintiff and the Collective Class in each workweek.

45.

Defendants knew, and showed reckless disregard for the fact that, they were jointly and severally responsible to pay Plaintiff and the Collective Class the full overtime wages earned in keeping with the provisions of the FLSA.

46.

During the applicable statutory period, Defendants failed to pay Plaintiff and the Collective Class overtime wages in keeping with the provisions of the FLSA.

47.

Defendants' conduct in failing to pay Plaintiff and the Collective Class in a manner consistent with the overtime provisions of the FLSA was willful and in bad faith.

48.

The aforementioned practices of Defendants violate the provisions of FLSA, 29 U.S.C. § 201, <u>et seq.</u>, including, but not limited to, 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff and the Collective Class have suffered a loss of wages.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

49.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

50.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

51.

The FLSA, §7, 29 U.S.C. § 207, requires that employers pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

52.

Defendants suffered or permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without compensating them for the overtime hours.

53.

Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement in that Defendants regularly and repeatedly failed to compensate Plaintiff and the Collective Class at the required overtime rate.

54.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

55.

As the direct and proximate cause of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

56.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

## **Prayer for Relief**

57.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees as provided under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E) Grant leave to add state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 20th day of September, 2012.

                                        **BARRETT & FARAHANY, LLP**

                                        /s/ Elizabeth L. Brown
                                        Elizabeth L. Brown
                                        Georgia Bar No. 940372
                                        Benjamin F. Barrett
                                        Georgia Bar No. 039586
                                        *Attorneys for Kelly Cain*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile
lbrown@bf-llp.com
ben@bf-llp.com