IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY CAIN, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) 1:12-cv-03296-TWT |
| | ) |
| ALMECO USA, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| _____ | ) |

**AMENDED COMPLAINT FOR DAMAGES**

**COMES NOW,** Plaintiff Kelly Cain ("Plaintiff"), and files this lawsuit against Defendant Almeco USA, Inc. (hereafter "Defendant"), and shows the following:

## I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et*

*seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4.

Defendant Almeco USA, Inc., a company duly incorporated under the laws of the State of Delaware, has been authorized to transact business in Georgia since June 9, 2009, and a substantial portion of the events or omissions giving rise to the claims alleged herein occurred at 1610 Spectrum Drive, Lawrenceville, Georgia 30043.

5.

Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); 28 U.S.C. § 1391; and LR 3, Northern District of Georgia.

### III. **PARTIES**

6.

Plaintiff is a female resident of the State of Georgia, and is subject to the jurisdiction of this Court.

7.

Plaintiff performed the following clerical and administrative services for Defendant as a salaried employee during the relevant time period: data entry tasks; answering telephones; ordering and maintaining office supplies; running Dun & Bradstreet background checks; making intermittent collections calls; shipping documents and/or items both inside and outside the State of Georgia via overnight delivery services; assisting with the coding and entry of accounts payable; and, assisting with the calculation of payroll hours for hourly employees.

8.

Plaintiff was an "employee" of Defendant [as defined under FLSA §3(e), 29 U.S.C. § 203(e)] within the last three (3) years.

9.

Plaintiff performed clerical and administrative duties for the Defendant and was paid for same on a salaried basis within the last three (3) years.

10.

During the relevant time period, Defendant did not require that Plaintiff manage either the company in which she was employed or a customarily recognized department or subdivision thereof.

11.

During the relevant time period, Defendant did not require that Plaintiff regularly and customarily direct the work of two or more other employees.

12.

During the relevant time period, Defendant did not require that Plaintiff hire or fire other employees.

13.

During the relevant time period, Defendant did not require that Plaintiff make suggestions or recommendations regarding the hiring, firing, advancement, promotion or any other change of status of other employees, nor did Plaintiff make any such suggestions or recommendations.

14.

During the relevant time period, Defendant did not require that Plaintiff perform services that entailed the exercise of discretion and independent judgment with respect to matters of significance.

15.

During the relevant time period, Plaintiff did not perform services for Defendant that met the criteria necessary for the "executive" exemption to the FLSA minimum wage and overtime requirements set forth at 29 U.S.C. § 213(a)(1) and defined at 29 C.F.R. § 541.100 *et seq*.

16.

During the relevant time period, Plaintiff did not perform services for Defendant that met the criteria necessary for the "administrative" exemption to the FLSA minimum wage and overtime requirements set forth at 29 U.S.C. § 213(a)(1) and defined at 29 C.F.R. § 541.200 *et seq*.

17.

During the relevant time period, Defendant misclassified Plaintiff as an exempt employee for FLSA purposes.

18.

During the relevant time period, Defendant should have classified Plaintiff as a non-exempt employee pursuant to FLSA guidelines.

19.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for Defendant and was not paid the overtime wage differential.

20.

Defendant Almeco USA, Inc., which prepares and distributes aluminum lighting, solar and décor products for the "NAFTA market" on behalf of an international company called The Almeco Group, is a private employer engaged in interstate commerce.

21.

Defendant's gross revenues exceed $500,000.00 per year.

22.

Defendant is a foreign for-profit corporation duly authorized to transact business in Georgia, and its principal place of business lies in Lawrenceville, Georgia.

23.

At all times relevant herein, Defendant was Plaintiff's employer within the meaning of FLSA, 29 U.S.C. § 203(d).

24.

Defendant can be served with process through its Registered Agent and Chief Financial Officer, Bonnie Neumeister, at its Lawrenceville, Georgia location.

## IV.  FACTUAL ALLEGATIONS

25.

Defendant Almeco USA, Inc. employed Plaintiff from June 7, 2010 to June 26, 2012.

26.

During the applicable statutory period, Plaintiff performed all services in an administrative support personnel capacity at Defendant onsite or offsite business location(s).

27.

During the applicable statutory period, Plaintiff routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked while performing the duties of administrative support personnel for Defendant.

28.

Defendant was aware that the Plaintiff was working overtime hours, because Defendant requested and required that Plaintiff work hours in excess of forty (40) in a workweek.

29.

Defendant was aware of the specific times during which Plaintiff was working at the Defendant's facilities, because management for the Defendant physically observed, directly supervised, and/or remotely supervised Plaintiff in the course of the work she performed in excess of forty (40) hours in a workweek.

30.

Defendant knew and showed reckless disregard for the fact that Plaintiff was entitled to be compensated for those hours she worked in excess of forty (40) in a workweek.

31.

Despite Defendant's knowledge that Plaintiff was regularly working hours above forty (40) in a workweek – and that Plaintiff was not properly classified as exempt from the overtime pay provisions set forth under the FLSA – Defendant failed to compensate Plaintiff for her overtime hours worked.

32.

During the applicable statutory period, Defendant failed to keep accurate records for all hours worked by Plaintiff.

33.

During the applicable statutory period, Defendant was required to comply with all applicable provisions of the FLSA, including overtime provisions, with respect to those services performed by Plaintiff in each workweek.

34.

Defendant knew, and showed reckless disregard for the fact that, it was responsible to pay Plaintiff the full overtime wages earned in keeping with the provisions of the FLSA.

35.

During the applicable statutory period, Defendant failed to pay Plaintiff overtime wages in keeping with the provisions of the FLSA.

36.

Defendant's conduct in failing to pay Plaintiff in a manner consistent with the overtime provisions of the FLSA was willful and in bad faith.

37.

The aforementioned practices of Defendant violate the provisions of FLSA, 29 U.S.C. § 201, *et seq*., including, but not limited to, 29 U.S.C. § 207.  As a result of Defendant's unlawful practices, Plaintiff has suffered a loss of wages.

## V.  CLAIMS FOR RELIEF
## BASED ON VIOLATIONS OF THE OVERTIME WAGE REQUIREMENTS OF THE FAIR LABOR STANDARDS ACT

38.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

39.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

40.

The FLSA, §7, 29 U.S.C. § 207, requires that employers pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

41.

Defendant suffered or permitted Plaintiff to routinely work more than forty (40) hours per week without compensating her for the overtime hours.

42.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement in that Defendant regularly and repeatedly failed to compensate Plaintiff at the required overtime rate.

43.

Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

44.

As the direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

45.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

46.

Accordingly, pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation incurred in connection with this claim.

## VI.  **PRAYER FOR RELIEF**

47.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees and expenses of litigation as provided under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)  Grant prejudgment interest on all damages awarded at the rate allowed by law;

(D)  Grant declaratory judgment declaring that Defendant has violated Plaintiff's statutory rights;

(E)  Grant leave to add state law claims if necessary; and,

(F)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 19th day of December, 2012.

**BARRETT & FARAHANY, LLP**

s/ Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
*Attorneys for Kelly Cain*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile
lbrown@bf-llp.com
ben@bf-llp.com