IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| ALMECO USA, INC., ) | 1: 12-cv-03296-TWT |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| _____ ) | |

## ANSWER

COMES NOW, ALMECO USA, INC. (hereinafter "Almeco" or "Defendant"), defendant in the above styled case, and files this Answer to the plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and, therefore, plaintiff's Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver and, therefore, should be dismissed.

1

### THIRD DEFENSE

Plaintiff's Complaint is barred by reason of payment and, therefore, should be dismissed.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel and, therefore, should be dismissed.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of accord and satisfaction, and, therefore, should be dismissed.

### SIXTH DEFENSE

Plaintiff's Complaint is barred because Defendant complied with all applicable provisions of the Fair Labor Standards Act overtime pay requirements (29 U.S.C. § 207)  as well as the relevant federal regulations implementing the overtime pay requirements of the Act (29 C.F.R. § 541.200 *et. seq.*) as those laws and regulations apply to plaintiff.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred because plaintiff met the requirements of the administrative employee exemption to the Fair Labor Standards Act overtime pay requirements (29 U.S.C. § 213(a)(1)).

## EIGHTH DEFENSE

Should the court find that plaintiff did not meet the administrative exemption found at 29 U.S.C. § 213(a)(1), plaintiff's action is barred by section 259 of the Portal-to-Portal Act (29 U.S.C. § 259) because Defendant acted in good faith conformity with, and in reliance upon the regulations implemented by U.S. Department of Labor at 29 C.F.R. § 541.200 *et. seq.* and Chapter 22 of the 2010 Department of Labor, Wage and Hour Division, Field Operations Handbook.

## NINTH DEFENSE

Should the court find that plaintiff did not meet the administrative exemption found at 29 U.S.C. § 213(a)(1), plaintiff's recovery of liquidated damages is barred by section 260 of the Portal-to-Portal Act (29 U.S.C. § 260) because Defendant acted in good faith conformity with, and in reliance upon the regulations implemented by U.S. Department of Labor at 29 C.F.R. § 541.200 *et. seq.* and Chapter 22 of the 2010 Department of Labor, Wage and Hour Division, Field Operations Handbook.

## TENTH DEFENSE

To the extent any of the pay periods during which plaintiff claims to have not been paid overtime fall outside the two year statutory limitation period

plaintiff's recovery is barred by the statute of limitations in section 255 of the Portal-to-Portal Act of 1947 (29 U.S.C. § 255).

## ELEVENTH DEFENSE

Almeco hereby gives notice that it intends to rely on any other defenses that may become available or appear during, or as a result of, discovery proceedings in this action, and hereby reserves its right to amend this Answer to assert such defenses.

## TWELFTH DEFENSE

By way of further answer, Almeco responds to the individually numbered paragraphs of plaintiff's Complaint as follows:

### I.   NATURE OF COMPLAINT

1.

The paragraphs under the title "Nature of Complaint" contain legal and factual conclusions to which no answer is required. To the extent these paragraphs contain allegations against Almeco, Almeco denies the allegations.

2.

The paragraphs under the title "Nature of Complaint" contain legal and factual conclusions to which no answer is required. To the extent these paragraphs contain allegations against Almeco, Almeco denies the allegations.

## II.     JURISDICTION AND VENUE

3.

Without conceding that Almeco committed any violation of the Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*), Almeco admits jurisdiction in this Court under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4.

Almeco admits it is a Delaware corporation authorized to transact business in Georgia, but denies the remaining allegations contained in paragraph 4 of plaintiff's Complaint, as stated.

5.

Almeco admits venue in this Court, but denies the remaining allegations contained in paragraph 5 of plaintiff's Complaint.

## III.    PARTIES

6.

Almeco is without knowledge or information sufficient to form a belief as to the truth of the allegation of plaintiff's gender or whether Plaintiff submits to the jurisdiction of this Court.

7.

Almeco denies the allegations contained in paragraph 7 of plaintiff's Complaint, as stated.

8.

Almeco objects to the allegations contained in paragraph 8 of plaintiff's Complaint on the ground that it calls for a legal conclusion.

9.

Almeco denies the allegations contained in paragraph 9 of plaintiff's Complaint, as stated.

10.

Almeco denies the allegations contained in paragraph 10 of plaintiff's Complaint, as stated.

11.

Almeco denies the allegations contained in paragraph 11 of plaintiff's Complaint, as stated.

12.

Almeco denies the allegations contained in paragraph 12 of plaintiff's Complaint, as stated.

13.

Almeco denies the allegations contained in paragraph 13 of plaintiff's Complaint, as stated.

14.

Almeco denies the allegations contained in paragraph 14 of plaintiff's Complaint.

15.

Almeco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of plaintiff's Complaint and Almeco objects to the allegations contained in paragraph 15 of plaintiff's Complaint on the ground that they call for a legal conclusion.

16.

Almeco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of plaintiff's Complaint and Almeco objects to the allegations contained in paragraph 16 of plaintiff's Complaint on the ground that they call for a legal conclusion.

17.

Almeco denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18.

Almeco denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19.

Almeco denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20.

Almeco denies the allegations contained in paragraph 20 of plaintiff's Complaint, as stated.

21.

Almeco admits the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

Almeco admits the allegations contained in paragraph 22 of plaintiff's Complaint.

23.

Almeco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of plaintiff's Complaint and Almeco

objects to the allegations contained in paragraph 23 of plaintiff's Complaint on the ground that they call for a legal conclusion.

24.

Almeco admits the allegations contained in paragraph 24 of plaintiff's Complaint.

### IV. FACTUAL ALLEGATIONS

25.

Almeco admits the allegations contained in paragraph 25 of plaintiff's Complaint.

26.

Almeco denies the allegations contained in paragraph 26 of plaintiff's Complaint, as stated.

27.

Almeco denies the allegations contained in paragraph 27 of plaintiff's Complaint, as stated.

28.

Almeco denies the allegations contained in paragraph 28 of plaintiff's Complaint, as stated.

29.

Almeco denies the allegations contained in paragraph 13 of plaintiff's Complaint, as stated.

30.

Almeco denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31.

Almeco denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32.

Almeco denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33.

Almeco denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34.

Almeco denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35.

Almeco denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36.

Almeco denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.

Almeco denies the allegations contained in paragraph 37 of plaintiff's Complaint.

### V.   CLAIMS FOR RELIEF BASED ON VIOLATIONS OF THE OVERTIME WAGE REQUIREMENTS OF THE FAIR LABOR STANDARDS ACT

38.

Paragraph 38 of plaintiff's Complaint contains no allegations specifically directed toward Almeco. To the extent paragraph 38 of plaintiff's Complaint incorporates the allegations of paragraphs 1-37, Almeco reasserts its defenses and responses to paragraphs 1-37.

39.

Almeco denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40.

Almeco denies the allegations contained in paragraph 40 of plaintiff's Complaint, as stated.

41.

Almeco denies the allegations contained in paragraph 41 of plaintiff's Complaint.

42.

Almeco denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43.

Almeco denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44.

Almeco denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45.

Almeco denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46.

Almeco denies the allegations contained in paragraph 46 of plaintiff's Complaint.

Almeco denies all allegations in plaintiff's Complaint not specifically admitted herein or to which it has not otherwise responded.

WHEREFORE, Almeco respectfully requests that plaintiff's prayers for relief be denied in each and every particular with all costs cast upon Plaintiff, and for such other relief as this Court may deem just and proper, including but not limited to an award of reasonable attorney's fees and costs incurred by Almeco in the defense of this action. Almeco hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 17th day of January, 2013.

       SEACREST, KARESH, TATE & BICKNESE, LLP

       _____s/ Karsten Bicknese_____
       Karsten Bicknese
       Georgia Bar No. 056826
       Attorney for defendant

56 Perimeter Center East
Suite 450
Atlanta, Georgia 30346
770-804-1800
Fax: 770-804-1400
kbicknese@sktblaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELLY CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ALMECO USA, INC., | ) | 1: 12-cv-03296-TWT |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

This is to certify that on January 17, 2013, I electronically filed the foregoing Answer and Defenses of Defendant Almeco USA, Inc.using the CM/ECF system which will automatically send email notification to all attorneys of record.

I further certify that I have mailed, by United States Postal Service, postage prepaid, the documents to the following non-CM/ECF participant:

        None.

        s/ Karsten Bicknese
        Karsten Bicknese
        Georgia Bar No. 056826

56 Perimeter Center East
Suite 450
Atlanta, GA  30346
770-804-1800

F:\DATA\E446\Pleadings\Answer.docx