IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELLY CAIN,                              )
                                         )      Civil Action No.
        Plaintiff,                       )
                                         )      1:12-cv-03296-TWT
v.                                       )
                                         )      JURY TRIAL DEMANDED
ALMECO USA, INC.,                        )
                                         )
        Defendant.                       )
                                         )
_____         )

**PLAINTIFF KELLY CAIN'S MEMORANDUM IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES**

**I.      FACTUAL BACKGROUND**

Over a year and a half ago, on August 22, 2012, Plaintiff Kelly Cain

("Plaintiff" or "Cain") retained the law firm of Barrett & Farahany, LLP (hereinafter

the "Firm") to represent her to prosecute alleged violations of the FLSA by her

former employer, Defendant Almeco USA, Inc ("Defendant" or "Almeco"). As a

condition to agreeing to represent Plaintiff, Cain entered into a contract for services

with the Firm. Subject to the fee agreement, if Plaintiff did not receive a recovery,

Plaintiff's counsel would not receive any fee. Due to a potentially running statute of

limitations of Cain's FLSA claim, Plaintiff's counsel also incurred the responsibility

of needing to file suit on Cain's behalf within a short time frame of execution of the fee agreement, subject to a pre-suit investigation of Plaintiff's claim.

Following execution of the fee agreement, Cain's counsel immediately began working on her case. As is the customary practice of the Firm and its attorneys, Cain's counsel immediately notified Defendant of the Firm's representation of Plaintiff and made **repeated** attempts to discuss an early resolution of Cain's claim to avoid litigation. In line with Almeco's practice throughout pre-suit communications and the entire course of the litigation, Defendant rejected Plaintiff's requests to discuss a potential settlement of Cain's claim.

On September 20, 2012, Cain's counsel filed suit on Plaintiff's behalf assuming the risk of litigation, including the real possibility that Plaintiff's action would not result in a fee.  Now, after a year and half of litigation, including several depositions, substantial written discovery, very extensive and necessary trial preparation, and a four day jury trial that culminated in a verdict in Plaintiff's favor, Cain moves this Court for her attorney's fees.

As noted above and detailed as follows, throughout the litigation, including up to and after the trial of this action, Plaintiff's counsel made **repeated** attempts to engage Defendant in settlement discussions.[1]

- Prior to filing suit, Cain's counsel, Sybil McCormack, sent Defendant multiple letters requesting that Defendant discuss a potential settlement. Defendant, through its counsel, flatly rejected Attorney McCormack's efforts to discuss resolution.

- On January 31, 2013, Plaintiff's lead counsel, V. Severin Roberts, drove to Defendant's counsel's office for the Joint Preliminary Planning Conference. At the meeting, Attorney Roberts urged Defendant to consider settlement negotiations pointing out that the factual contentions appeared to very clearly support the conclusion that Cain was entitled to overtime. Defendant rejected Plaintiff's request to discuss settlement.

- On April 12, 2013, following the depositions of Cain and the Fed. R. Civ. P. 30(b) (6) representative of Almeco that went expectedly very poorly for Defendant, Plaintiff again urged Defendant to consider discussing settlement. Defendant again declined to make any offer of settlement and further complained about the fact Plaintiff's offer had increased since the

---

[1] Plaintiff does not seek to introduce the parties' settlement discussions for purposes of proving or disproving the validity or amount of a disputed claim. Rather, Plaintiff includes such communications to illustrate the factual circumstances that required Plaintiff to bring this case to trial and incur substantial fees in the process.

outset of the case. Plaintiff responded that Cain's counsel had spent very significant time dealing with the depositions and discovery in the case and the demand had therefore obviously increased in light of counsel's increased time since the joint preliminary planning conference. Among other things, Plaintiff's counsel noted, "*We tried to resolve this case before filing suit and at the 26(f) conference. Those efforts were flatly rejected and we have continued to accrue attorney's fees we are entitled to recover.*" (Exhibit A – April 11-12, 2013 Correspondence between Counsel).

As summarized above, Defendant summarily rejected Plaintiff's requests to discuss settlement throughout the litigation and did not make a single offer of settlement until days before the filing of the pretrial order. On or about January 14, 2014, counsel for the parties met to discuss settlement as required by the Local Rules. At the meeting, Defendant made its first and only settlement offer in the case in the total amount of $10,000 (which Defendant remarkably considered to include reasonable attorney's fees), i.e. Defendant's total offer was less than the amount of judgment Plaintiff obtained in this action solely as to her back wages and liquidated damages, much less did the offer account for the very significant fees plaintiff's counsel was forced to accrue up to the preparation of the pretrial order.

Following the meeting, on January 16, 2014, Plaintiff nonetheless made an attempt at countering Defendant's frivolous offer, which Defendant completely ignored. On February 24, 2014, Plaintiff yet again reached out to Defendant to take another shot at engaging Defendant in settlement discussions. (Exhibit B – February 24, 2014 Correspondence between Counsel). In addition to expressing Plaintiff's willingness to discuss negotiation of liquidated damages and back-pay in light of the various disputed issues, Plaintiff also offered to take a nearly 30% reduction of their accrued time in the case in the interest of getting the case resolved. (Exhibit B). Rather than engage in further settlement discussions, Defendant instead decided to make an incendiary contention that Plaintiff's counsel was hijacking settlement discussions by "holding settlement hostage" with Plaintiff's counsel's attorney's fees.   Again, Defendant made this assertion after making its only offer in the case days before completion of the pretrial order that, in total, failed to even cover the amount of back-wages and liquidated damages Plaintiff obtained from the jury's verdict, much less the recovery of any of Cain's attorney's fees which exceeded $70,000 prior to the filing of the pretrial order. Upon receiving Defendant's inflammatory remark on the fees issue, Plaintiff responded by pointing out these facts and emphasizing that counsel had already offered to **heavily** discount their fees, i.e. Plaintiff offered to discount fees by roughly 30% of their accrued time in

5

the case. (Exhibit C – February 24, 2014 Correspondence between Counsel). In the same correspondence, Plaintiff also proposed that Defendant could make an offer of judgment, which, if accepted by Plaintiff, would allow the parties to submit the attorney's fees issue to the Court. *Id*. Defendant failed to make any counter to this offer and refused to make an offer of judgment.

Given Defendant's refusal to engage in meaningful settlement discussions, Plaintiff was forced to expend very substantial time preparing for and taking this case to trial. All of the time spent preparing for and trying this action was necessary to achieve a victory. On March 10, 2014 this case went to trial and after four days of trial and jury deliberation, a verdict was returned in Plaintiff's favor on her one and only claim.

Following the entry of judgment in this case, Plaintiff's counsel, Amanda Farahany, yet again reached out to Defendant's counsel offering to discount Plaintiff's attorneys' fees in the interest of saving the parties the time and expense of briefing the fees issue. Attorney Farahany also advised Defendant's counsel that if Defendant declined to agree to the discounted amount, Plaintiff would proceed with seeking counsel's full fees, including all additional time spent briefing the fees issue. In particular, Plaintiff offered to accept $150,000 in fees rather than the $180,000 plus in fees that had accrued as of March 17, 2014, if Defendant agreed to pay the

fees by a date certain. In response, Defendant offered to pay $50,000 in fees, i.e. less than 28% of counsel's then accrued time in the case.

Plaintiff now requests full recovery of her attorneys' fees in the amount of $189,941.50. Plaintiff also seeks recovery of expenses in the amount of $1,136.98. As set forth in detail below, this figure is based on counsel's reasonably accrued time in the case through March 26, 2014. Cain is also entitled to recover fees incurred in submitting this petition, as well as fees associated with any other post-trial briefing. Cain will submit supplemental fee petitions as may be needed to ensure her counsel are fully compensated for their representation.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    CAIN IS ENTITLED TO ATTORNEY'S FEES PURSUANT TO 29 U.S.C. § 216(B)

This motion for attorney's fees is based on Plaintiff's status as the prevailing party in this action for overtime pay brought pursuant to the FLSA. Pursuant to the FLSA, the court in a private FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of litigation." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. See *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir.1985).

Without a fee shifting provision, employees would have no motivation to bring, and attorneys would have absolutely no economic incentive to take, low-damage-plaintiff FLSA claims. The result would be that employers could egregiously flout federal overtime law with impunity. For this reason, the Eleventh Circuit has held that "attorneys' fees are an integral part of the merits of FLSA cases and part of the relief sought therein." *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987).

This Court faces four primary issues in making an award of attorneys' fees and costs. <u>First</u>, has the party won enough relief to be characterized as a prevailing party? <u>Second</u>, has the party documented the proper amount of hours and hourly rate by submitting evidence supporting the hours worked and the rates claimed? <u>Third</u>, has the opposing party demonstrated grounds for questioning the hours or rate? <u>Fourth</u>, is an upward or downward adjustment appropriate? See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

### 1. PLAINTIFF IS THE PREVAILING PARTY ENTITLED TO AN AWARD OF ATTORNEYS' FEES.

Prevailing on "any significant issue in the litigation which achieved some of the benefit that the part[y] sought in bring[ing] suit" compels characterization of that party as the prevailing party. *Texas State Teachers Ass'n. v. Garland Ind. School Dist.*, 109 S.Ct. 1486, 1493 (1989), *quoting Nadeau v. Helgemoe*, 581 F.2d 275,

278-79 (1st Cir. 1978). "[A]t minimum, to be considered a prevailing party … the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).

As this Court has recognized, "to be a prevailing party for purposes of attorney's fees, the plaintiff "need only prevail on one significant issue." *Weissinger v. Murray*, 2009 U.S. Dist. LEXIS 56789 (N.D. Ga. 2009) (Judge Thrash) (*quoting Ruffin v. Great Dane Trailers*, 969 F.2d 989, 992-93 (11th Cir. 1992)).

After a year and a half of litigation and a four day jury trial, Plaintiff obtained a judgment in her favor on her sole claim in this action. The judgment Plaintiff obtained requires Defendant to pay Plaintiff $13,814.94 in back wages and liquidated damages. The judgment Plaintiff obtained also provides declaratory relief finding that Defendant willfully violated the FLSA.  There is no reasonable basis to dispute that Plaintiff is a "prevailing party".

As the prevailing party on her FLSA overtime claim against Almeco, Cain is entitled to an award of reasonable attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b).

## 2.   CALCULATION OF CAIN'S ATTORNEY'S FEES

### a.   The "Lodestar" calculation

In determining an objective estimate of the value of a lawyer's services, this Court must multiply those hours reasonably expended by a reasonable hourly rate, or compute the "lodestar." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Kenny A. ex rei. Winn v. Perdue,* 547 F.3d 1319 (11th Cir. 2008).

There is a "strong presumption that the lodestar reflects a reasonable sum the attorneys deserve." (internal quotations omitted) *Bivins v. Wrap It Up, Inc.* 380 Fed. Appx. 888, 891 (11th Cir. Fla. 2010); *Webster Greenthumb Co. v. Fulton Cty.,* 112 F.2d 1339, 1349 (N.D. Ga. 2000).

Once the lodestar has been established, the court can then determine whether any adjustments to the lodestar are appropriate. *Hensley*, 461 U.S. at 434; *Jan R. Smith Construction Co. v. DeKalb County*, 18 F.Supp.2d 1365, 1374 (N.D. Ga. 1998). While the "lodestar" method effectively replaced the balancing test previously prescribed by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the twelve Johnson factors "might still be considered in terms of their influence on the lodestar amount." *Norman*, 836 F.2d at 1299; see also *Farley v. Nationwide Mutual Ins. Co.*, 197 F.3d 1322, 1340 (11th Cir. 1999)

("The [district] court properly considered the reasonable attorney fee guidelines the former Fifth Circuit outlined in *Johnson*. . .which we have subsequently adopted for reasonable fee determinations for prevailing parties").

The factors guiding the determination of a fee award enumerated in *Johnson* include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the necessary skill of the attorney; (4) the preclusion of other employment by the attorney due to the case; (5); the customary fee; (6) whether the attorney charges a fee on a fixed or contingent basis; (7) the time limitations imposed by the client or other circumstances; (8) the financial amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in like cases. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).

As detailed below, Plaintiff's requested attorney's fees are based on her attorneys' reasonably incurred time in the case at their respective reasonable hourly rates.

### i. CAIN REQUESTS RECOVERY OF TIME REASONABLY SPENT BY HER COUNSEL IN THE REPRESENTATION OF PLAINTIFF

The hours claimed or spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley,* 461 U.S. at 433. Counsel

must exercise "billing judgment" in determining the hours reasonably expended on the merits (*Id.* at 437), and attorneys should also be compensated for the time reasonably expended in seeking an award of fees from the court. *ACLU v. Barnes,* 168 F.3d 423 (11th Cir. 1999); *Johnson,* 706 F.2d 1205, 1207; *Yule v. Jones,* 2010 U.S. Dist. LEXIS 141779 (N.D. Ga. 2010).

Counsel's certification that the work itemized has in fact been performed is "entitled to considerable weight on the issue of time required." *Perkins v. Mobile Hous. Bd.,* 847 F.2d 735, 738 (11th Cir. 1988); *Frazier v. Wurth Indus. of N. Am., LLC,* 2009 U.S. Dist. LEXIS 94444 (N.D. Ga. 2009). Indeed, this Circuit has stated that "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and, therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins,* 847 F.2d at 738.

In making a fee request, "[c]ounsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Counsel should provide in the fee request the hours spent "with sufficient particularity." *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

The Court has determined that "compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorney's fees." *Weissinger,* 2009 U.S. Dist. LEXIS 56789 (internal citations omitted).

Cain's attorneys and support staff have maintained detailed, accurate and contemporaneous records of time spent working in this matter, which are attached hereto as "Exhibit D". Plaintiff's attorneys further submit that they did not perform any redundant, excessive, or otherwise unnecessary work in the representation and that all of the work performed was reasonably necessary to properly represent Plaintiff.[2]

The litigation of this action, which included several depositions, extensive written discovery, and critical intensive trial preparation and trial, required the devotion of substantial and time and resources by Cain's attorneys and support staff.

---

[2] Exhibit G – Decl. of V. Severin Roberts, ¶¶ 1, 2; Exhibit H - Decl. of Amanda Farahany, ¶¶ 12 -15; Exhibit I – Decl. of Abigail Larimer, ¶ 2; Exhibit J – Decl. of Sybil McCormack, ¶ 2; Exhibit K – Decl. of Elizabeth Brown, ¶ 2).

As detailed in counsel's billing records, Cain's attorneys performed the following amount of hours of work in the various stages of the litigation of this action:

| Category | Hours | Fees | Cumulative Fees |
|---|---|---|---|
| Prelitigation and Litigation Pleading<br><br>(8/22/12 – 9/20/12) | 24.50 | $6,629.50 | $6,629.50 |
| Pre-service, Joint Preliminary Planning Period and Discovery<br><br>(9/21/12 – 6/17/13) | 119.60 | $25,406.00 | $32,035.50 |
| Post-discovery through submission of summary judgment motion<br><br>(6/18/13 – 8/22/13) | 68.60 | $19,821.00 | $51,856.50 |
| Awaiting Order on Summary Judgment<br><br>(8/23/13 – 11/14/13) | .70 | $140.00 | $51,996.50 |
| Pretrial and Trial Prep | 282.20 | $79,612.50 | $131,609.00 |

| (11/15/13 – 3/9/14) | | | |
|---|---|---|---|
| Trial<br><br>(3/10/14 – 3/13/14) | 135.70 | $46,435.00 | $178,044.00 |
| Post-Judgment<br><br>(3/14/14 – 3/26/14) | 35.30 | $11,897.50 | $189,941.50 |

Further, as detailed in Sec. I, *supra*, Plaintiff's need to take this case to trial to obtain a judgment was compelled by Defendant's refusal to engage in meaningful settlement discussions prior to and throughout the litigation. As set forth in Sec. I., Almeco made its first and only settlement offer in the case in the total amount of $10,000 (which Defendant inexplicably purported to include attorney's fees), in other words Defendant offered less than the amount of judgment Plaintiff obtained in this action solely as to her back wages and liquidated damages and much less did the offer account for the very significant fees plaintiff's counsel was forced to accrue up to the preparation of the pretrial order. Further, Plaintiff proposed that Defendant make an offer of judgment, which if accepted by Plaintiff, would allow the parties to brief the attorney's fees issue to the Court. Defendant declined to make an offer of judgment.

Moreover, Defendant persisted in its refusal to avoid additional accrual of attorney's fees after the trial by responding to Plaintiff's counsel's offer to discount attorneys' fees to avoid litigation on this issue with a trivial proposal that it would pay $50,000 of counsel's then $180,000 plus in time in the case.

All of the time incurred by Cain's attorneys was reasonably incurred and should be awarded. Many of the *Johnson* factors also support the requested award:

**The Time and Labor Required**:

The time and labor required in order to prosecute this action was substantial, but not excessive. In light of the result achieved and the time and labor resourced required to properly prosecute this case through trial, the total sum of attorneys' fees is reasonable. The total time spent by each attorney in this matter is well documented on the attached time sheets. Where possible, a lower-billing attorney or paralegal was used to perform tasks at a lower hourly rate than lead counsel. The time and labor required is reasonable under the circumstances.

**The Novelty and Difficulty of the Questions:**

Employment cases and FLSA cases in particular, consistently present both novel and difficult legal questions. In this hard fought-case, counsel for Plaintiff successfully tried this action to verdict obtaining back-pay and liquidated damages for Cain, along with proving a willful violation of the FLSA.

16

### *The Skill Requisite to Perform the Legal Service Properly*:

In the instant case, two skilled attorneys presented a complicated case to a jury in a form that made it relatively easy to understand. Moreover, Plaintiff's counsel's expertise was called upon throughout the litigation to obtain clear evidence and prepare a foundation to prevail at trial. Further, counsel's experience was called upon to develop and implement a trial strategy to convey complicated legal principles to the jury in a comprehensible manner that would allow the jury to weigh the issues and reach a verdict that complies with the law.

### *The Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case*

This factor heavily supports the requested award. Defendant's election to force this case to trial necessarily required Plaintiff's attorneys to devote several weeks of almost the entirety of their practice to preparing for and trying this case to verdict. There is no doubt that Plaintiff's attorneys were precluded from other employment as a product of the litigation of this action.

### *The Customary Fee*:

As set forth in the attached declarations of Edward Buckley, T. Robert Reid, Lee Parks, and Amanda Farahany other employment counsel in the metropolitan Atlanta area actually charge higher rates than those sought by counsel for Plaintiff.

(<u>Exhibit E</u> – Decl. of Ed Buckley, ¶ 7; <u>Exhibit F</u> – Decl. of T. Robert Reid, ¶ 6;

<u>Exhibit M</u> – Decl. of Lee Parks, ¶¶ 3, 4; Farahany Decl., ¶ 7); see also *Johnson v.*

*Donna C. Haley, M.D.*, Civil Action No. 1:12-cv-1450 at Dkt. Entry 118-2 & 118-

6 (N.D. Ga. 2012) (Judge Thrash) (Attorney Edward Buckley's current hourly rate

is $495 per hour and the rate of Attorney Justin Scott is $350.00 per hour). Thus,

the rates sought by Plaintiff's counsel meet the "customary" standard.

### *Whether the Fee is Fixed or Contingent*:

In the instant case, the fee arrangement was contingent, because the amount

of time required by the case was too great as to exceed the resources of Plaintiff

and her family. Both Plaintiff and her counsel took a significant risk in pursuing

what proved to be a meritorious cause against Almeco.

### *Time Limitations Imposed by the Client or the Circumstances*:

The time limitations imposed in this case came primarily from the litigious

nature each step of this case required. Rather than work to resolve this case,

Almeco elected to proceed to trial, which required Plaintiff's attorneys to focus a

very substantial portion of their time and practice resources for several weeks to

prepare for and try this case to verdict. This case also posed substantial time

limitations on Cain's counsel during discovery and other intervals in the litigation.

***The Amount Involved and the Results Obtained*:**

The judgment in this case reflects that Plaintiff achieved very successful results on her claim as she was only seeking approximately $30,000 in damages. The jury not only awarded Plaintiff $13,814.94 in back pay and liquidated damages, but also found that Plaintiff proved that Defendant willfully violated the FLSA entitling Plaintiff to a three year statute of limitations. The results obtained were significant given the small and finite amount of damages sought, i.e. the results obtained are clearly distinguishable from, for example, a Title VII action in which a Plaintiff seeks and could potentially recover $1,000,000 million in damages and obtains a verdict for $15,000.

***The Experience, Reputation, and Ability of the Attorneys***

The experience, reputation and ability of the attorneys are set forth in their attached declarations.[3] The declarations of Brett Bartlett, Lee Parks, Edward Buckley, and T. Robert Reid also support the contentions of counsel for Plaintiff with regard to their experience and reputation. See (Exhibit L – Decl. of Brett Bartlett, ¶ 8 – Regarding Attorneys Farahany and Roberts); (Parks Decl., ¶¶ 5, 8 – Regarding Attorneys Farahany, Roberts & Larimer; Buckley Decl., ¶¶ 9, 10 –

---

[3] (Exhibit G – Decl. of V. Severin Roberts; Farahany Decl.; Exhibit I – Decl. of Abigail Larimer; Exhibit J – Decl. of Sybil McCormack; Exhibit K – Decl. of Elizabeth Brown).

Regarding Attorney Farahany); (Reid Decl., ¶¶ 5 – 7, – Regarding Attorney Farahany).

Cain's attorneys' performance at trial also evidences the ability of counsel and the quality, time, and level of effort devoted to the representation.

### The Undesirability of the Case

As courts have recognized, civil rights cases are undesirable and thus warrant payment of a higher fee in order to attract competent counsel. *Johnson*, 488 F.2d at 719. Civil rights cases are viewed as undesirable by most members of the Bar. See, e.g., *Searcy v. Crim*, 692 F.Supp.1363, 1366 (N.D. Ga. 1988) ("Although there are a great many lawyers in the Atlanta area, the Court is aware that it is difficult to find any attorney who has the time, experience and financial cushion necessary to accept Section 1983 cases on a contingency basis"). Civil rights litigation generally is seen "as very undesirable because it stigmatizes an attorney as a 'civil rights lawyer' and thus tends to deter fee-paying clients, particularly high-paying commercial clients, from seeking assistance from that lawyer." *Stokes v. City of Montgomery*, 706 F.Supp. 811, 815 (M.D. Ala. 1988), aff'd, 891 F.2d 905 (11th Cir. 1989).

The undesirability of this case weighs in favor of a full award of fees.

### ii.   THE HOURLY RATES CHARGED ARE WELL WITHIN THE RANGE OF PREVAILING MARKET RATES IN THIS COMMUNITY FOR EMPLOYMENT LITIGATION

A reasonable fee award must be based upon the prevailing hourly rate charged in the relevant market for similar litigation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  More specifically, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The prevailing attorneys' own customary or usual billing rates are an important factor to be considered by the court. *Blum*, 465 U.S. 886, 895; *Weissinger*, 2009 U.S. Dist. LEXIS 56789 ("The applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his market rate").

As set forth above, Plaintiff points to the declarations of Lee Parks, Edward Buckley, T. Robert Reid, and Amanda Farahany which show that other employment counsel in the metropolitan Atlanta area actually charge higher rates than those sought by counsel for Plaintiff. (Buckley Decl., ¶ 7; Reid Decl., ¶ 6; Farahany Decl., ¶ 7); see also *Johnson v. Donna C. Haley, M.D.*, Civil Action No. 1:12-cv-1450 at Dkt. Entry 118-2 & 118-6 (N.D. Ga. 2012) (Judge Thrash) (Attorney Edward Buckley's current hourly rate is $495 per hour and the rate of Attorney Justin Scott is $350.00 per hour). Attorney Farahany also regularly represents clients that pay her billable rate of $450.00, including the representation

of executives, physicians and other high wage earners in negotiations related to their employment situations.[4]

As discussed above, Cain's attorneys have recited in detail their experience and backgrounds in their attached declarations. The declarations of Brett Bartlett, Lee Parks, Edward Buckley, and T. Robert Reid also support the contentions of counsel for Plaintiff with regard to their experience and reputation.[5]

As of March 27, 2014, Plaintiffs' counsel and support staff have incurred 667.50 hours of work in the representation of Cain resulting in $189,941.50 in fees based on their respective hourly rates set forth in the table below.

| Timekeeper | Role | Hours Spent | Hourly Rate | Total |
|---|---|---|---|---|
| V. Severin Roberts | Attorney | 308.20 | $300.00 | $90,281.00 |
| Amanda Farahany | Attorney | 123.10 | $450.00 | $55,395.00 |
| Abigail Larimer | Attorney | 67.20 | $250.00 | $16,800.00 |
| Sybil McCormack | Attorney | 28.70 | $300.00 | $8,160.00 |
| Elizabeth Brown | Attorney | 6.9 | $250.00 | $1,405.00 |
| Andrea Dennis | Paralegal | 108.50 | $125.00 | $14,830.00 |
| Diana Howe | Paralegal | 23.70 | $125.00 | $2,962.50 |

[4] (Farahany Decl., ¶ 5).
[5] (Bartlett Decl., ¶ 8 – Regarding Attorneys Farahany and Roberts); (Parks Decl., ¶¶ 5, 8 – Regarding Attorneys Farahany, Roberts & Larimer; Buckley Decl., ¶¶ 9, 10 – Regarding Attorney Farahany); (Reid Decl., ¶¶ 5 – 7, – Regarding Attorney Farahany).

| Marilyn Schmitt | Paralegal | 1.08 | $90.00 | $108.00 |
|---|---|---|---|---|
| Total | | | | |

As itemized in <u>Exhibit N</u>, Plaintiff also seeks recovery of litigation expenses incurred on Plaintiff's behalf for legal research in the amount of $1,136.98.[6]

In summary and as detailed in counsel's time records, Plaintiff's lead counsel, V. Severin Roberts, has an hourly rate of $300.00 and performed the majority of work on Plaintiff's behalf in this action.[7] In particular, Attorney Roberts was responsible for, *inter alia*: (1) handling all aspects of discovery which consisted of several depositions and significant written discovery; (2) drafting Plaintiff's pleadings and the majority of documents filed with the Court throughout the litigation; (3) extensive trial preparation and conducting Plaintiff's voir dire, opening statement, and direct and cross examination of two witnesses at trial; and (4) drafting Plaintiff's post-judgment briefing on attorney's fees.[8]

Attorneys Farahany and Larimer incurred substantial and necessary time in the case assisting in preparing for and prosecuting the trial of this action at the hourly rates of $450.00 (Attorney Farahany) and $250.00 (Attorney Larimer).

---

[6] As set forth in <u>Exhibit N</u>, Plaintiff has also incurred expenses on Plaintiff's behalf performing focus groups on Plaintiff's claims; however, Plaintiff has not requested reimbursement of these expenses. Plaintiff will submit a bill of costs to recover taxable costs that are identified in <u>Exhibit N</u>.

[7] Attorney Roberts' hourly rate was increased from $250.00 to $300.00 in or around April 17, 2013.

[8] (Roberts Decl., ¶ 2).

In particular, Attorney Farahany's work in the case was devoted to, *inter alia*, aiding in preparing the entire case for trial commencing upon the entry of the pretrial order, handling direct and cross examination of two witnesses at trial, along with Plaintiff's closing argument.[9]

Attorney Larimer was responsible for, among other things: (1) assisting in preparing trial documentation and creating an electronic database of all exhibits to be used at trial; (2) setting up Plaintiff's electronic presentations before the trial using litigation software; (3) presenting Plaintiff's electronic presentations throughout the trial; and (4) researching legal issues that arose during the course of the trial.[10]

Prior to this action being taken over for litigation by Attorney Roberts, Attorneys Sybil McCormack and Elizabeth Brown incurred a small amount of time in Cain's representation at hourly rates of $250-300.00 primarily in attempting to engage Defendant in pre-suit investigation and settlement discussions. Plaintiff seeks recovery of work performed by support staff at an hourly rate of $125.00 for paralegals Andrea Dennis and Diana Howe, and $90.00 for paralegal Marilyn Schmitt.

---

[9] (Farahany Decl., ¶ 9).
[10] (Larimer Decl., ¶ 3, 4).

In sum, the requested rates compare favorably to the rates known by Plaintiff's counsel to be charged generally in this community (the Atlanta area) for civil rights and employment litigation by attorneys with comparable experience and reputation. In addition, Plaintiff has provided declarations from highly respected and well-credentialed Atlanta attorneys averring to the skill and expertise of Cain's attorneys and confirming that counsel's requested rates are reasonable and appropriate. Mr. Parks and Mr. Bartlett have also reviewed the time records submitted to the Court and affirm that the amount requested is reasonable in light of the results obtained. (Parks Decl., ¶ 6; Bartlett Decl., ¶¶ 9, 10).

Finally, Attorney Roberts, Farahany and Larimer's requested hourly rates have been approved in prior cases. On August 8, 2011, this Court approved Attorney Roberts' requested hourly rate of $250.00, in ruling on a fee petition submitted in *Goodridge v. Astrue*, 1:07-cv-1919-RLV, at [Doc. 101]. In approving Attorney Roberts' hourly rate, as of August 2011, the Court opined that the $250.00 hourly rate was "reasonable and consistent with the rates charged by attorneys of comparable experience in the Atlanta area." *Id*. at 7-8. Since that time, Attorney Roberts has served as counsel of record in more than 65 cases in the N.D. of Georgia, including more than 56 actions with FLSA claims.

On August 5, 2013, the Court implicitly approved Attorney Roberts' current $300 rate in approving an FLSA settlement in *Griggs v. Diversitech Corp.*, in which the court requested and reviewed Attorney Roberts' hours and rate information as part of the court's consideration of the settlement proffered in that case. Civil Action No. 1:13-cv-1739-SCJ (N.D. Ga. 2013) (Judge Jones).

On February 3, 2014, in *Brown v. Refuse Materials, Inc.*, the court approved Attorneys Roberts, Farahany, and Larimer's hourly rates at the amounts requested with this motion in addressing counsel's motion for settlement approval of an FLSA action. 1:13-cv-0037, at Dkt. Entry 40 (M.D. Ga. 2014) (Judge Lawson). In approving the requested hourly rates, the court in *Brown* requested and reviewed the hourly rates of Plaintiff's attorneys prior to approving the FLSA settlement at their requested rates. *Id*.

**b.   ADJUSTMENTS TO THE LODESTAR ARE NOT WARRANTED**

As noted above, once the lodestar has been established, the court can then determine whether any adjustments to the lodestar are appropriate. *Hensley*, 461 U.S. at 434. As demonstrated throughout this brief there is no basis to adjust the lodestar in this case.

Where the "claims for relief … involve a common core of facts or [are] based on related legal theories . . . [m]uch of counsel's time will be devoted

generally to the litigation as a whole making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. As this Court has held, "[a] computation of the hours reasonably expended … should include time spent on all claims that arise out of the same course of conduct and share a 'common core of fact,' even if a specific individual claim did not succeed." *Lambert v. Fulton County*, 151 F. Supp. 1364, 1370 (N.D. Ga. 2000) (Judge Thrash).

It is reversible error for the district court to exclude hours based on the failure of some claims where those claims arose from the same course of conduct as the successful claim. *Morgado v. Birmingham-Jefferson Co. Civil Defense Corp.*, 706 F.2d 1184, 1193 (11th Cir. 1983) (district court erred by reducing hours based on plaintiff's success on only some claims, because all claims "constituted logical integrated parts of a single action"); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1137 (11th Cir. 1984) (error for district court to reduce fee award by hours spent on unsuccessful hiring and promotion claims where plaintiff prevailed on wage claim because "the court should not disallow hours that were related and necessary to the successful claims").

In this case, Plaintiff filed, litigated, and obtained a verdict on her one and only claim before this Court. As such, all of Plaintiff's hours are recoverable.

Next, the amount of Plaintiff's recovery does not warrant a reduction in the amount of recoverable attorney's fees. Not only is Defendant solely responsible for forcing this case to trial, it is a well-established that even absent such a consideration damages in civil rights actions need not be proportionate to the fees awarded. *Riverside v. Rivera*, 477 U.S. 561 (U.S. 1986); see also *Weissinger*, 2009 U.S. Dist. LEXIS 56789, 22-23 (internal citations omitted):

> The Defendants argues that the fee request should also be reduced because they claim the Plaintiffs achieved only limited success. Specifically, the jury awarded the Plaintiffs only $ 28,000 of the one million dollars in compensatory damages they sought. The Plaintiffs' recovery could be characterized as limited success financially. However, the Plaintiffs did recover a substantial award and not just a nominal one. The Eleventh Circuit has signaled to district courts not to automatically drastically reduce fees even where "the ultimate net recovery of Plaintiff[s] is far below the mark of the damages sought." [citation omitted] This is because some suits serve a laudable public purpose; "[n]ot all nominal damage awards produce purely pyrrhic victories." [citation omitted]. Further, a plaintiff may be considered "fully successful" when "successful on all his claims and was awarded . . . damages." [citation omitted].[11]

---

[11] See also *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984) ("The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act"); *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994) (Courts should not place an undue emphasis on the amount of the plaintiff's recovery when an award of attorney's fees is to encourage "the vindication of congressionally identified policies and rights"); *James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341 (S.D. Fla. 2007) (attorney's fee shifting provision of the FLSA designed to allow plaintiffs to recover their attorney's fees in spite of the small monetary nature of their claims).

As noted above, the judgment in this case reflects that Plaintiff achieved very successful results on her claim as she was only seeking approximately $30,000 in damages. The jury not only awarded Plaintiff $13,814.94 in back pay and liquidated damages, but also found that Plaintiff proved that Defendant willfully violated the FLSA entitling Plaintiff to a three year statute of limitations. The results obtained were significant, especially given the small and finite amount of damages sought.

While Plaintiff contends that the fact her judgment constitutes a substantial portion of what she sought to recover obviates the need for additional analysis on the issue of adjustments to the lodestar, Plaintiff also provides the following citations to a handful of the myriad of cases properly making awards of significant attorney's fees where the plaintiff obtained a relatively small judgment.  See *Morris v. Eversley*, 343 F. Supp. 2d  234, 248 (S.D.N.Y.2004) (awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in compensatory and punitive damages); *Bryant v. Jones*, Civil Action No. 1:04-cv-02462 at Dkt. Entry 515 (N.D. Ga.) (Judge Duffey) (awarding $1.78 million in attorney's fees on award $74,000 to 2 of 4 plaintiffs); *Rivera*, 477 U.S. 561, 578 (affirming an award of $245,456.25 in fees where plaintiffs had recovered $33,350 in both compensatory and punitive damages); *James*, 489 F.Supp.2d 1341

(plaintiff's total judgment equaled $3,493.62; plaintiff's counsel's fees equaled $114,021); *Perdomo v. Sears*, *Roebuck & Co.*, 1999 U.S. Dist. LEXIS 20881 (M.D. Fla. Dec. 3, 1999) (plaintiffs recovered $17,410.84 in damages; plaintiffs' counsel recovered $117,629.51 in attorney's fees); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771 (S.D. Fla. 2005).

In sum, Plaintiff obtained a substantial verdict relative to the amount sought and her counsel should be awarded their full fees.

WHEREFORE, Plaintiff respectfully requests that the Court award her attorney's fees in the amount of $189,941.50, and expenses in the amount of $1,136.98.

Respectfully submitted, this 27th day of March, 2014.

s/V. Severin Roberts, Esq.
V. Severin Roberts, Esq.
Georgia Bar No. 940504

BARRETT & FARAHANY, LLP
1100 Peachtree Street, NE
Suite 500
Atlanta, Georgia 30309

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2014, I electronically filed the foregoing Plaintiff Kelly Cain's Motion for Attorney's Fees with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Karsten Bicknese, Esq.
> Roberts Betts, Esq.
> Seacrest, Karesh, Tate & Bicknese, LLP
> 56 Perimeter Center East
> Suite 450
> Atlanta, Georgia  30346

> s/V. Severin Roberts, Esq.
> V. Severin Roberts, Esq.
> Georgia Bar No. 940504

BARRETT & FARAHANY, LLP
1100 Peachtree Street, NE
Suite 500
Atlanta, Georgia 30309