IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELLY CAIN
on behalf of herself and all similarly
situated individuals,

    Plaintiff,

      v.

ALMECO USA, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3296-TWT

## OPINION AND ORDER

This is an FLSA overtime case. It is before the Court on the Plaintiff's Motion for Attorney's Fees [Doc. 72]. To determine the amount of fees due, courts use the lodestar approach and multiply the number of hours reasonably expended by a reasonable hourly rate.[1] When considering what constitutes a reasonable hourly rate, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee

---

[1] Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983).

is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[2] That a plaintiff succeeds in only a limited way  does not strip her of prevailing-party status, but the degree of her success is "the most critical factor in determining the reasonableness of a fee award."[3] There is a "strong presumption" that the lodestar reflects a reasonable sum the attorneys deserve.[4]  If the Court finds that the number of hours claimed is unreasonably high, the Court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut.[5] When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is  merited only if the prevailing party was partially successful in its efforts.[6]

---

[2]Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974).

[3]Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quotation marks omitted); see also Hensley, 461 U.S. at 436.

[4]Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565–66 (1986).

[5]Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

[6]Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993).

In this case, the Defendant objects to the reasonableness of both the number of hours expended and the hourly rates requested. I agree that the hours included by the Plaintiff for filing a motion for summary judgment should be deducted in calculating the lodestar amount. Given the wide disparity in the deposition testimony as to the nature of the Plaintiff's duties, filing a motion for summary judgment was an act of complete futility. Otherwise, I think that the hours claimed were reasonably necessary to prosecute this case to a jury verdict. The Plaintiff had the burden of proof; the fact that defense counsel billed substantially fewer hours to defend the case is not remarkable. Considering the <u>Johnson</u> factors – in particular, the experience, reputation, and the ability of the attorneys and the "undesirability" of the case  – and the Lee Parks Declaration, I think that the hourly rates requested are reasonable. This results in a lodestar amount of $173,300.50 ($193,121.50 minus $19,821.00).

Applying established Eleventh Circuit law, a downward adjustment to the lodestar is  merited only if the prevailing party was partially successful in its efforts. Here, the Plaintiff prevailed on her only claim and persuaded the jury that the FLSA violation was wilful. It is true that she was awarded only about one-third of the damages that she claimed. But that is not remarkable in a case where an FLSA plaintiff has to reconstruct her hours. And it is true that the lodestar amount is more than ten times that of her actual and statutory damages. But that is not remarkable in

an individual FLSA case seeking overtime. Accordingly, I decline to reduce the lodestar amount for limited success on the merits of the claim. Therefore, the Plaintiff's Motion for Attorney's Fees [Doc. 72] is GRANTED in the amount of $173,300.50.

SO ORDERED, this 23 day of May, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge